David C. MOORE, Plaintiff–Appellant,

v.

Deane GARDNER, Richard Gantert, Mike Furman, Michael McGinnis, Richard Morse, Terrence Cleveland, Chris Hughson, Corrections Officer James Ameigh, Richard J. Murphy, Daryl Shaw, Defendants–Appellees,

Glenn Goord, George Bartlett, Rocky Hazelton, Patricia Mills, Thomas J. Sirois, James E. Santos, Richard T. Cerio, Larry McBlane, Registered Nurse II Karen Dyal, Brian Malone, James Meck, Jeffery Keenan, Lt. Dennis Ryan, James K. Moss, Defendants.

No. 05–3144–pr.

United States Court of Appeals, Second Circuit.

Oct. 17, 2006.

See also 199 F.Supp.2d 17.

David C. Moore, pro se.

Marcus J. Mastracco, Assistant Solicitor General (Eliot Spitzer, Attorney General, on the brief), State of New York Office of the Attorney General, Albany, NY, for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

Plaintiff David C. Moore ("Moore") appeals *pro se* from a judgment against him,

entered after a jury verdict, in his action against various state defendants ("defendants") pursuant to 42 U.S.C. §§ 1983 & 1985. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Moore's argues that he was prejudiced by Judge Siragusa's failure to permit him sufficient opportunities to take discovery before trial. Moore asserts that no discovery was permitted in the case, and that as a result his trial was rendered "one sided and highly prejudicial." Appellant's Br. at 1. His claim is without merit. "It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery. We will reverse a district court's discovery ruling only upon a clear showing of an abuse of discretion." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004) (citing *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir.2003)).

We see no indication that this discretion was abused here. Moore's claims were pending for more than two years before the District Court cut off discovery, and Moore never sought discovery before moving for partial summary judgment or in opposition to defendants' summary judgment motion. Under the circumstances, the District Court did not abuse his discretion when it concluded that Moore "had ample time in which to pursue the discovery that [he] now claims is essential." *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir.1985). In addition, after a review of the full record, we are satisfied that the District Court made "reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

We also deny Moore's request for a free transcript of his trial testimony. Free transcripts may only be provided to an appellant whose appeal is non-frivolous. *See* 28 U.S.C. § 753(f); *McCarthy v. Bronson*, 906 F.2d 835, 841 (2d Cir.1990), *aff'd*, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991). Moore's conclusory allegations of prejudice are not sufficient to establish that there are any substantial questions raised by this appeal.

We have considered all of Moore's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.